UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HUMBERTO MAGANA ARIAS, | ) | NO. CV 11-2587-RGK (AGR) |
| Petitioner, | ) | |
| v. | ) | |
| FRANCISCO QUINTANA, | ) | ORDER TO SHOW CAUSE |
| Respondent. | ) | |

On March 28, 2011, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241. For the reasons discussed below, it appears that the Court lacks jurisdiction to entertain the petition.

The Court, therefore, orders Petitioner to show cause, on or before ***May 4, 2011***, why this Court should not recommend dismissal without prejudice based on lack of jurisdiction.

**I.**

**SUMMARY OF PROCEEDINGS**

Petitioner is currently incarcerated at the Federal Correctional Institution in Adelanto, California. On August 7, 2001, a jury convicted Petitioner in Counts

One through Five in the United States District Court, District of Nevada. *See United States v. Arias*, Case No. 00-CR-58-HDM ("*Arias District Court*"), Dkt. No. 102.[1]  On March 8, 2002, Petitioner filed a notice of appeal. *Id.*, Dkt. No. 123. On March 14, 2002, Petitioner was sentenced to a total of 240 months in prison. *Id.*, Dkt. No. 124.[2]  On March 17, 2003, the Ninth Circuit, in Case No. 02-10150, affirmed the conviction. *Id.*, Dkt. No. 138.[3]

On March 28, 2005, the district court denied Petitioner's motion for a trial transcript without prejudice, noting that Petitioner had not filed a habeas corpus petition. *Id.*, Dkt. No. 150. On January 9, 2006, Petitioner filed a "petition" asking for a "review" of his sentence. *Id.*, Dkt. No. 152. Construing the January 9 petition as a motion pursuant to 28 U.S.C. § 2255, on March 1, 2006, the district court denied it as time-barred. *Id.*, Dkt. No. 158. On July 3, 2006, Petitioner filed a motion under § 2255 (this time, using a form), in which he set forth four grounds: (1) "the motion is timely"; (2) "this is petitioner's first §2255"; (3) ineffective assistance of counsel; and (4) improper enhancement. *Id.*, Dkt. No. 159 at 5-6. On October 26, 2006, the district court denied the motion on the merits. *Id.*, Dkt. No. 167.[4]  On November 7, 2006, Petitioner filed a notice of appeal of the district court's denial of his § 2255 motion. *Id.*, Dkt. No. 168.
///

---

[1] *See Headwaters Inc. v. United States Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (taking judicial notice of docket in another case).

[2] Counts One through Five included conspiracy to possess with intent to distribute and to distribute methamphetamine, aiding and abetting, and unlawful use of a communication facility. *Id.*

[3] The Ninth Circuit noted that Petitioner had also pled guilty to unlawful reentry. *Id.* The court found that Petitioner had challenged only his post-trial denial of a motion to dismiss based on his contention that he was denied his right to a speedy trial. *Id.* The court held he had waived right to appeal that issue. *Id.*

[4] Despite the previous history, the court construed the motion as a first motion. The court also found Petitioner was entitled to equitable tolling, rendering the motion timely. *Id.*

On August 8, 2007, the Ninth Circuit (Case No. 06-17184) denied Petitioner's request for a certificate of appealability. *Id.*, Dkt. No. 175. On November 14, 2008, the district court denied Petitioner's § 2255 amended motion to vacate. *Id.*, Dkt. No. 215. On January 12, 2009, Petitioner filed a notice of appeal and a request for certificate of appealability. *Id.*, Dkt. No. 235. On March 5, 2010, the Ninth Circuit (Case No. 09-15432) found that the district court had lacked jurisdiction to entertain Petitioner's second § 2255 motion. *Id.*, Dkt. No. 245. The court vacated the district court's judgment and remanded the matter with instructions to dismiss Petitioner's § 2255 motion for lack of jurisdiction. *Id.* On June 28, 2010, the district court dismissed Petitioner's § 2255 motion for lack of jurisdiction. *Id.*, Dkt. No. 247.

On March 28, 2011, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 in which he raised four grounds: (1-2) ineffective assistance of counsel; (3) unsupported use of the Armed Career Criminal Act to enhance Petitioner's sentence; and (4) improper denial of § 2255 motion. (Petition at 3-4.)

## II.

## DISCUSSION

"[T]o determine whether jurisdiction is proper, a [federal] court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). A § 2255 motion must be filed in the sentencing court. 28 U.S.C. § 2255 (a prisoner may "move the court which imposed the sentence to vacate, set aside or correct the sentence"). On the other hand, a § 2241 petition must be filed in the district in which the prisoner is in custody. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973). A federal prisoner may not substitute a § 2241 petition for a § 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999) ("The remedy

3

afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255"); *see also Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) ("Merely labeling a section 2255 motion as a section 2241 petition does not overcome the bar against successive section 2255 motions").

"[M]otions to contest the legality of a sentence must be filed under § 2255." *Hernandez*, 204 F.3d at 864. However, § 2255's "savings clause" permits the filing of a § 2241 petition to challenge a conviction or sentence in limited circumstances:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Because Petitioner has already made a § 2255 motion that was denied, this Court has jurisdiction only if Petitioner's "remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255*; see Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999); *see also Hernandez*, 204 F.3d at 864-65; *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006).

The savings clause is available to a prisoner "who is 'actually innocent' of the crime of conviction, but who never has had 'an unobstructed procedural shot' at presenting a claim of innocence." *Lorentsen v. Hood*, 223 F.3d 950, 953-54 (9th Cir. 2000); *see also Stephens*, 464 F.3d at 898 ("we have held that a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim").

///

"To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (citation and quotation marks omitted). "Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that 'no reasonable juror' would have convicted him [citation omitted]. . . . [T]he parties are not limited to the existing trial record; the issue is 'factual innocence, not mere legal insufficiency.'" *Lorentsen*, 223 F.3d at 954 (quoting *Bousley*, 523 U.S. at 623).

"In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask . . . (1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008).

Petitioner does not allege that he is innocent. Nor does he allege that he did not have an unobstructed procedural shot to present his claim.

### III.

### **ORDER**

IT IS THEREFORE ORDERED that, on or before **May 4, 2011**, Petitioner shall show cause, if there be any, why this Court should not recommend dismissal without prejudice for lack of jurisdiction. Petitioner's response must address both prongs of the savings clause.

///

///

///

///

**If Petitioner fails to timely respond to this Order to Show Cause, the Court will recommend that the Petition be dismissed without prejudice based on lack of jurisdiction.**

DATED: April 5, 2011

*/s/ Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge