UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMBERTO MAGANA ARIAS,<br><br>Petitioner,<br><br>v.<br><br>FRANCISCO QUINTANA,<br><br>Respondent. | NO. CV 11-2587-JAK (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected.[1] As modified below, the Court accepts the findings and recommendation of the Magistrate Judge.

Petitioner argues that *Lopez v. Gonzales*, 549 U.S. 47, 127 S. Ct. 625, 166 L. Ed. 2d 462 (2006) and *United States v. Figueroa-Ocampo*, 494 F.3d 1211 (9th

---

[1] Petitioner filed a document on November 14, 2011, entitled "Apply for Relief," which appears to be an application for a certificate of appealability. However, in an abundance of caution, the Court will construe the document as objections.

Cir. 2007) should be "applied" in his case.[2] (Objections at 1.) In Petitioner's criminal case in Nevada, on November 14, 2008, the district court denied Petitioner's § 2255 amended motion to vacate. *United States v. Arias*, Case No. 00-CR-58-HDM, Dkt. No. 215. On January 12, 2009, Petitioner filed a notice of appeal and a request for a certificate of appealability. *Id.*, Dkt. No. 235. Petitioner's 2009 request is virtually the same as his objections here. *Compare* Dkt. No. 235 at 3-5 *with* Objections. On March 5, 2010, the Ninth Circuit (Case No. 09-15432) found that the district court had lacked jurisdiction to entertain Petitioner's second § 2255 motion, vacated the district court's judgment, and remanded the matter with instructions to dismiss the motion. *Id.*, Dkt. No. 245. Petitioner's repeated arguments here do not support a claim of actual innocence. *See Lorentsen v. Hood*, 223 F.3d 950, 953-54 (9th Cir. 2000); *see also Lampton v. Menifee*, 283 Fed. Appx. 218, 219 (5th Cir. 2008) (per curiam) ("[Lampton] maintains that *Lopez* is retroactively applicable. He asserts that his claim is cognizable in a § 2241 petition under the savings clause of 28 U.S.C. § 2255(e) because it shows that he is actually innocent of the sentence enhancement. As Lampton is challenging only his sentence and not his conviction, his claim does not fall within the savings clause of § 2255(e) and is not cognizable in a § 2241 petition."). Petitioner's objection is overruled.

The year 2006 on page 3, line 25 of the Report is changed to 2011.

///
///
///
///
///

---

[2] In *United States v. Walker*, 555 F.3d 1047 (9th Cir. 2009), Judge Beezer noted that "[n]o court has held the *Lopez* opinion to be retroactive." *Id.* at 1048 (Beezer, J., concurring).

2

IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action without prejudice.

DATED: November 29, 2011

JOHN A. KRONSTADT
United States District Judge